**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TEVA PHARMACEUTICALS USA, INC., TEVA PHARMACEUTICAL INDUSTRIES LTD., and TEVA NEUROSCIENCE, INC., *Plaintiffs,* v. SYNTHON PHARMACEUTICALS INC., SYNTHON B.V., SYNTHON S.R.O., and PFIZER INC., *Defendants.* | Civil Action No. 1:17-cv-345 |

## COMPLAINT

Plaintiffs Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., and Teva Neuroscience, Inc. (collectively "Plaintiffs" or "Teva") bring this action for patent infringement and declaratory judgment against defendants Synthon Pharmaceuticals Inc., Synthon B.V., Synthon s.r.o., and Pfizer Inc. (collectively "Synthon" or "Defendants") and herein allege as follows.

## NATURE OF THE ACTION

1.  This is an action by Teva for infringement of United States Patent No. 9,155,775 ("the '775 patent") arising under the patent laws of the United States, Title 35, United States Code. This action arises out of Synthon's ongoing attempt to market, manufacture and sell a generic version of COPAXONE® 40 mg/mL, 1 mL syringe, injection ("COPAXONE®"), Teva's innovative treatment for patients with relapsing-remitting forms of multiple sclerosis, prior to the expiration of the '775 patent.

**THE PARTIES**

**Teva**

2.      Teva Pharmaceuticals USA, Inc. ("Teva USA") is a Delaware corporation with its principal place of business at 1090 Horsham Road, North Wales, Pennsylvania 19454-1090.

3.      Teva Pharmaceutical Industries Ltd. ("Teva Ltd.") is an Israeli company with its principal place of business at 5 Basel Street, P.O. Box 3190, Petah Tikva, 49131, Israel.

4.      Teva Neuroscience, Inc. ("Teva Neuroscience") is a Delaware corporation with its principal place of business at 11100 Nall Ave, Overland Park, KS 66211.

**Synthon**

5.      Upon information and belief, Synthon Pharmaceuticals Inc. is a corporation organized and existing under the laws of North Carolina with its principal place of business at 1007 Slater Road, Suite 150, Durham, NC 27703.

6.      Upon information and belief, Synthon B.V. is a corporation organized and existing under the laws of the Netherlands with its principal place of business at Microweg 22, P.O. Box 7071, 6503 CM Nijmegen, The Netherlands.

7.      Upon information and belief, Defendant Synthon s.r.o. is a Czech entity having a principal place of business at Brnenska 32/cp.597, 678 17 Blansko, Czech Republic.

8.      Upon information and belief, Defendants Synthon Pharmaceuticals Inc., Synthon B.V., and Synthon s.r.o. are related companies with Synthon Holding B.V. as their ultimate parent company.

9.      Upon information and belief, Defendant Pfizer Inc. is a corporation organized and existing under the laws of Delaware with its principle place of business at 235 East 42nd Street, New York, NY 10017.

## JURISDICTION AND VENUE

10.     This action for patent infringement arises under 35 U.S.C. § 271.

11.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

12.     Venue is proper in this Judicial District under 28 U.S.C. §§ 1391 and 1400(b).

13.     Teva sells COPAXONE® throughout the United States, including within the State of New York.

**Personal Jurisdiction Over Synthon Pharmaceuticals, Inc.**

14.     Upon information and belief, this Court has personal jurisdiction over Synthon Pharmaceuticals, Inc.

15.     Upon information and belief, Synthon Pharmaceuticals, Inc. markets, distributes and/or sells generic drugs within the State of New York and throughout the United States.

16.     Upon information and belief, Synthon Pharmaceuticals, Inc. has engaged in and maintained systematic and continuous business contacts within the State of New York, and has purposefully availed itself of the benefits and protections of the laws of New York rendering it at home in New York.

17.     Upon information and belief, Synthon routinely files Abbreviated New Drug Applications ("ANDAs") with the U.S. Food & Drug Administration ("FDA") and markets dozens of generic pharmaceutical products in the State of New York, including, *inter alia*, levocetirazine dihydrochloride, pioglitazone hydrochloride, tamsulosin hydrochloride, and zolpidem tartrate.

18.    Upon information and belief, Synthon has agreements with pharmaceutical retailers, wholesalers or distributors providing for the distribution of its products in the State of New York, including, *inter alia*, levocetirazine dihydrochloride, pioglitazone hydrochloride, tamsulosin hydrochloride, and zolpidem tartrate.

19.    Upon information and belief, Synthon Pharmaceuticals, Inc. has committed or will imminently commit acts that aid, abet, contribute to and/or constitute tortious patent infringement that will harm and injure Teva, which manufactures COPAXONE® 40 mg/mL product for sale and use throughout the United States, including the State of New York.

20.    Teva sells COPAXONE® 40 mg/mL product in the State of New York.

21.    Upon information and belief, Synthon Pharmaceuticals, Inc. has applied for FDA approval to market and sell a generic version of COPAXONE® 40 mg/mL product throughout the United States, including in New York.

22.    Upon information and belief, following any FDA approval of Synthon's ANDA, Synthon Pharmaceuticals Inc., Synthon B.V., Synthon s.r.o., and Pfizer Inc. will work in concert with one another to make, use, offer to sell, and sell a generic version of COPAXONE® 40 mg/mL product throughout the United States, including in New York.

23.    Upon information and belief, as a result of Synthon's marketing, selling, or offering for sale of its generic version of COPAXONE® 40 mg/mL product in the State of New York, Teva will lose sales of COPAXONE® 40 mg/mL product and be injured in the State of New York.

24.    Upon information and belief, this Court has personal jurisdiction over Synthon Pharmaceuticals Inc. because it previously has been sued in this district, did not challenge this Court's assertion of personal jurisdiction over it, and/or availed itself of the rights, benefits, and

privileges of this forum by asserting counterclaims for the purpose of litigating patent infringement disputes. *See Teva Pharmaceutical USA, Inc., et al. v. Synthon Pharmaceuticals, Inc., et al.*, C.A. No. 12-2556-WHP (S.D.N.Y.).

25. Upon information and belief, this Court has personal jurisdiction over Synthon Pharmaceuticals, Inc. for the reasons stated herein, including, *inter alia*, Synthon Pharmaceuticals, Inc.'s activities in this forum, activities directed at this forum, and significant contacts with this forum, all of which render Synthon Pharmaceuticals, Inc. at home in this forum.

**Personal Jurisdiction Over Synthon B.V.**

26. Upon information and belief, this Court has personal jurisdiction over Synthon B.V.

27. Upon information and belief, Synthon B.V. is partnering with Synthon Pharmaceuticals Inc. to attempt to bring a three-times-a-week generic COPAXONE® (glatiramer acetate injection, 40 mg/mL) to market in the U.S. *See* http://www.synthon.com/Corporate/News/PressReleases/Synthon-Announces-Filing-of-Glatiramer-Acetate-40-mg-mL-ANDA-Containing-a-Paragraph-IV-Certification, accessed 10/14/14; *see also* "Synthon announces successful outcome of the Phase III GATE study with its generic glatiramer acetate." Business Wire, March 27, 2014.

28. Upon information and belief, Synthon B.V. collaborated and/or acted in concert with Synthon Pharmaceuticals Inc. to apply for FDA approval to market and sell a generic version of COPAXONE® 40 mg/mL throughout the United States, including in New York.

29.     Upon information and belief, Synthon B.V. (through its partner Synthon Pharmaceuticals, Inc.) markets, distributes and/or sells generic drugs within the State of New York and throughout the United States.

30.     Upon information and belief, Synthon B.V. has engaged in and maintained systematic and continuous business contacts within the State of New York, and has purposefully availed itself of the benefits and protections of the laws of New York, rendering it at home in New York.

31.     Upon information and belief, Synthon B.V. has committed or will imminently commit acts that aid, abet, contribute to and/or constitute tortious patent infringement that will harm and injure Teva, which manufactures COPAXONE® 40 mg/mL product for sale and use throughout the United States, including the State of New York.

32.     Teva sells COPAXONE® 40 mg/mL product in the State of New York.

33.     Upon information and belief, Synthon has applied for FDA approval to market and sell a generic version of COPAXONE® 40 mg/mL product throughout the United States, including in New York.

34.     Upon information and belief, following any FDA approval of Synthon's ANDA, Synthon Pharmaceuticals Inc., Synthon B.V., Synthon s.r.o., and Pfizer Inc. will work in concert with one another to make, use, offer to sell, and sell a generic version of COPAXONE® 40 mg/mL product throughout the United States, including in New York.

35.     Upon information and belief, as a result of Synthon's marketing, selling, or offering for sale of its generic version of COPAXONE® 40 mg/mL product in the State of New York, Teva will lose sales of COPAXONE® 40 mg/mL product and be injured in the State of New York.

36.     This Court also has personal jurisdiction over Synthon B.V. under Federal Rule of Civil Procedure 4(k)(2).

37.     Upon information and belief, this Court has personal jurisdiction over Synthon B.V. because it previously has been sued in this district, did not challenge this Court's assertion of personal jurisdiction over it, and/or availed itself of the rights, benefits, and privileges of this forum by asserting counterclaims for the purpose of litigating patent infringement disputes.  *See Teva Pharmaceutical USA, Inc., et al. v. Synthon Pharmaceuticals, Inc., et al.*, C.A. No. 12-2556-WHP (S.D.N.Y.).

38.     Upon information and belief, this Court has personal jurisdiction over Synthon B.V. for the reasons stated herein, including, *inter alia*, Synthon B.V.'s activities in this forum, activities directed at this forum, and significant contacts with this forum, all of which render Synthon B.V. at home in this forum.

**Personal Jurisdiction Over Synthon s.r.o.**

39.     Upon information and belief, this Court has personal jurisdiction over Synthon s.r.o.

40.     Upon information and belief, Synthon s.r.o. is partnering with Synthon Pharmaceuticals Inc. to attempt to bring a three-times-a-week generic COPAXONE® (glatiramer acetate injection, 40 mg/mL) to market in the U.S.  *See* http://www.synthon.com/Corporate/News/PressReleases/Synthon-Announces-Filing-of-Glatiramer-Acetate-40-mg-mL-ANDA-Containing-a-Paragraph-IV-Certification, accessed 10/14/14; *see also* "Synthon announces successful outcome of the Phase III GATE study with its generic glatiramer acetate." Business Wire, March 27, 2014.

41.    Upon information and belief, Synthon s.r.o. collaborated and/or acted in concert with Synthon Pharmaceuticals Inc. to apply for FDA approval to market and sell a generic version of COPAXONE® 40 mg/mL product throughout the United States, including in New York.

42.    Upon information and belief, Synthon s.r.o. (through its partner Synthon Pharmaceuticals, Inc.) markets, distributes and/or sells generic drugs within the State of New York and throughout the United States.

43.    Upon information and belief, Synthon s.r.o. has engaged in and maintained systematic and continuous business contacts within the State of New York, and has purposefully availed itself of the benefits and protections of the laws of New York, rendering it at home in New York.

44.    Upon information and belief, Synthon s.r.o. has committed or will imminently commit acts that aid, abet, contribute to and/or constitute tortious patent infringement that will harm and injure Teva, which manufactures COPAXONE® 40 mg/mL product for sale and use throughout the United States, including the the State of New York.

45.    Teva sells COPAXONE® 40 mg/mL product in the State of New York.

46.    Upon information and belief, Synthon has applied for FDA approval to market and sell a generic version of COPAXONE® 40 mg/mL product throughout the United States, including in New York.

47.    Upon information and belief, following any FDA approval of Synthon's ANDA, Synthon Pharmaceuticals Inc., Synthon B.V., Synthon s.r.o., and Pfizer Inc. will work in concert with one another to make, use, offer to sell, and sell a generic version of COPAXONE® 40 mg/mL product throughout the United States, including in New York.

48.     Upon information and belief, as a result of Synthon's marketing, selling, or offering for sale of its generic version of COPAXONE® 40 mg/mL product in the State of New York, Teva will lose sales of COPAXONE® 40 mg/mL product and be injured in the State of New York.

49.     This Court also has personal jurisdiction over Synthon s.r.o. under Federal Rule of Civil Procedure 4(k)(2).

50.     Upon information and belief, this Court has personal jurisdiction over Synthon s.r.o. because it previously has been sued in this district, did not challenge this Court's assertion of personal jurisdiction over it, and/or availed itself of the rights, benefits, and privileges of this forum by asserting counterclaims for the purpose of litigating patent infringement disputes. *See Teva Pharmaceutical USA, Inc., et al. v. Synthon Pharmaceuticals, Inc., et al.*, C.A. No. 12-2556-WHP (S.D.N.Y.).

51.     Upon information and belief, this Court has personal jurisdiction over Synthon s.r.o. for the reasons stated herein, including, *inter alia*, Synthon s.r.o.'s activities in this forum, activities directed at this forum, and significant contacts with this forum, all of which render Synthon s.r.o. at home in this forum.

**Personal Jurisdiction Over Pfizer Inc.**

52.     Upon information and belief, this Court has personal jurisdiction over Pfizer Inc.

53.     Upon information and belief, Pfizer Inc. is headquartered in New York.

54.     Upon information and belief, Pfizer Inc.'s principal place of business is in New York.

55.     Upon information and belief, Pfizer Inc. markets, distributes and/or sells pharmaceutical drug products within the State of New York and throughout the United States.

56.     Upon information and belief, Pfizer Inc. has engaged in and maintained systematic and continuous business contacts within the State of New York, and has purposefully availed itself of the benefits and protections of the laws of New York rendering it at home in New York.

57.     Upon information and belief, Pfizer Inc. has entered into an agreement with Synthon B.V. to commercialize a generic version of COPAXONE® 40 mg/mL product throughout the United States, including in New York.  *See* http://www.pfizer.com/news/press-release/press-release-detail/pfizer_and_synthon_enter_into_u_s_commercialization_agreement_for_potential_generic_treatment_of_multiple_sclerosis.

58.     Upon information and belief, following any FDA approval of Synthon's ANDA, Synthon Pharmaceuticals Inc., Synthon B.V., Synthon s.r.o., and Pfizer Inc. will work in concert with one another to make, use, offer to sell, and sell a generic version of COPAXONE® 40 mg/mL product throughout the United States, including in New York.

59.     Upon information and belief, Pfizer Inc. has committed or will imminently commit acts that aid, abet, contribute to and/or constitute tortious patent infringement that will harm and injure Teva, which manufactures COPAXONE® 40 mg/mL product for sale and use throughout the United States, including the State of New York.

60.     Teva sells COPAXONE® 40 mg/mL product in the State of New York.

61.     Upon information and belief, Synthon has applied for FDA approval to market and sell a generic version of COPAXONE® 40 mg/mL product throughout the United States, including in New York.

62.     Upon information and belief, Pfizer Inc. will market, sell, and offer for sale, in collaboration with Synthon, a proposed generic version of COPAXONE® 40 mg/mL product in the State of New York following FDA approval of that product.

63.     Upon information and belief, as a result of Pfizer's marketing, selling, or offering for sale, in collaboration with Synthon, of its generic version of COPAXONE® 40 mg/mL product in the State of New York, Teva will lose sales of COPAXONE® 40 mg/mL product and be injured in the State of New York.

64.     Upon information and belief, this Court has personal jurisdiction over Pfizer Inc. because it previously has been sued in this district, admitted to personal jurisdiction in this Court, did not challenge this Court's assertion of personal jurisdiction over it, and/or availed itself of the rights, benefits, and privileges of this forum by asserting counterclaims for the purpose of litigating patent infringement disputes.  *See Rachel Tyman and Johnathan Robinson v. Pfizer, Inc.*, C.A. No. 16-6941-LTS (S.D.N.Y.); *Pfizer Inc. v. McNeil-PPC, Inc.,* C.A. no. 14-4659-ALC (S.D.N.Y.); *Pfizer Inc. et al. v. Intellipharmaceutics Intl. Inc. et al.,* C.A. No. 14-6373-GHW (S.D.N.Y.); *Teva Pharmaceutical USA, Inc., et al. v. Synthon Pharmaceuticals, Inc., et al.*, C.A. No. 12-2556-BSJ (S.D.N.Y.); *JDS Therapeutics, LLC and Nutrition 21, LLC v. Pfizer Inc. et al.,* C.A. No. 12-9002-JSR (S.D.N.Y.).

65.     Upon information and belief, this Court has personal jurisdiction over Pfizer Inc. for the reasons stated herein, including, *inter alia*, Pfizer Inc.'s activities in this forum, activities directed at this forum, and significant contacts with this forum, all of which render Pfizer Inc. at home in this forum.

66.     Upon information and belief, Synthon B.V. and Synthon s.r.o. will manufacture Synthon's proposed generic version of COPAXONE® 40 mg/mL product on behalf of Synthon

11

Pharmaceuticals Inc., and Synthon Pharmaceuticals Inc. and Pfizer Inc. will act as the agents of Synthon B.V. and/or Synthon s.r.o. for sale of that product in the United States, including New York.

## BACKGROUND

**The '775 Patent**

67.    The '775 patent, entitled "Process for Manufacturing Glatiramer Acetate Product," was duly and legally issued to Teva Ltd. by the United States Patent and Trademark Office on October 13, 2015, and expires on January 28, 2035.  The '775 Patent has 27 claims.

68.    Rakefet Cohen, Sasson Habbah, and Muhammad Safadi are named inventors of the '775 patent.

69.    Teva Ltd. is the sole owner, by assignment, of all rights, title and interest in the '775 patent.

70.    Teva Ltd. has granted Teva USA an exclusive license under the '775 patent to use, offer to sell, sell and import the COPAXONE 40 mg/mL product in the United States.

71.    A true and correct copy of the '775 patent is attached as Exhibit A.

**Teva's COPAXONE® 40 mg/mL Product**

72.    Plaintiffs researched, developed, applied for and obtained FDA approval to manufacture, sell, promote and/or market COPAXONE® 40 mg/ml product.

73.    Teva USA is the holder of New Drug Application ("NDA") number 20-622, approved by the United States Food and Drug Administration ("FDA") for the use of glatiramer acetate 40 mg/mL three times per week, marketed as COPAXONE® 40 mg/mL, for the treatment of patients with relapsing forms of multiple sclerosis such as relapsing-remitting multiple sclerosis.

74.     Teva's innovative COPAXONE® 40 mg/mL product is supplied as single-dose prefilled syringes that contain 40 mg/ml glatiramer acetate for injection, manufactured by Teva Ltd., and marketed and sold in the United States by Teva Neuroscience.

75.     The active drug ingredient in COPAXONE® 40 mg/mL is glatiramer acetate. Glatiramer acetate is a complex mixture of polypeptide chains made from four amino acid building blocks.  The individual polypeptide chains in glatiramer acetate vary in length and the sequence in which the amino acids are connected together.

76.     The invention claimed in the '775 patent reflects, in part, the discovery that filtering pharmaceutical preparations of glatiramer acetate at temperatures of above 0° C to 17.5° C improves the filtration process used to manufacture pharmaceutical preparations and facilitates the commercial production of COPAXONE® 40 mg/mL.

77.     Teva practices at least one of the claims of the '775 patent in manufacturing COPAXONE® 40 mg/mL.  In manufacturing COPAXONE® 40 mg/mL, Teva, *inter alia*, filters an aqueous pharmaceutical solution of glatiramer acetate and mannitol at a temperature of above 0° C to 17.5° C to produce a filtrate with improved filterability compared to the filterability of the solution at room temperature.

**The Synthon ANDA**

78.     Synthon filed an ANDA under 21 U.S.C. § 355(j) seeking FDA approval to manufacture, use, offer for sale, sell in and import into the United States glatiramer acetate injection, 40 mg/mL, purported to be generic to Teva's COPAXONE® 40 mg/mL product ("Synthon's Glatiramer Acetate Product" or "Defendants' Glatiramer Acetate Product").

79.     FDA assigned the ANDA for Synthon's Glatiramer Acetate Product the number 206873.

80.    Upon information and belief, Synthon Pharmaceuticals Inc., Synthon B.V., Synthon s.r.o., and Pfizer Inc. submitted, collaborated and/or acted in concert in the preparation or submission of ANDA No. 206873.

81.    In order to be approved by the FDA, the drug product described in an ANDA must be equivalent to the innovator drug product in dosage form, strength, route of administration, quality, performance characteristics, and intended use.

82.    In order to be approved by the FDA, the active ingredient in an ANDA product must be "the same as" the innovator's active ingredient.  Thus, generic applicants must scientifically demonstrate that the active ingredient in their product is "the same as" the active ingredient in the innovator's product.

83.    Given its complexity, COPAXONE® 40 mg/mL cannot be fully characterized. Moreover, the method of action of COPAXONE® 40 mg/mL has not been fully elucidated. Thus, while COPAXONE® 40 mg/mL has been demonstrated to be a safe and effective treatment for relapsing- remitting multiple sclerosis, the specific attributes of the product responsible for this safe and efficacious treatment have not been fully identified.

84.    It is believed that the method of manufacturing COPAXONE® plays a role in the composition of, and therefore the action and effectiveness of Teva's COPAXONE® 40 mg/mL product.

85.    Upon information and belief, Synthon Pharmaceuticals Inc., Synthon B.V., Synthon s.r.o, and Pfizer Inc. have begun to manufacture and/or import commercial batches of Defendants' Glatiramer Acetate Product.

86.    Upon information and belief, Defendants must produce their generic glatiramer acetate product using a process that infringes at least one of the claims of the '775 patent in order

14

for the product to be determined by the FDA to be the same as Teva's COPAXONE® 40 mg/mL product and to meet any other requirements for FDA approval of Defendants' Glatiramer Acetate Product.

87.     Upon information and belief, the processes claimed in the '775 patent are the only commercially feasible means of producing commercial scale quantities of COPAXONE® 40 mg/mL.

88.     Upon information and belief, Defendants intend to launch Defendants' Glatiramer Acetate Product upon receiving FDA approval which may occur as early as the first quarter of 2017, prior to the expiration of the '775 patent.  Defendants have stated that they are working toward January 28, 2017 as their target for ANDA approval.  *See In re Copaxone 40 mg Litigation*, C.A. No. 14-1171-GMS (D. Del.), Trial Tr. at 1729:3-5, 10-16, 20-23.

**COUNT I FOR INFRINGEMENT OF
U.S. PATENT NO. 9,155,775 BY DEFENDANTS**

89.     The allegation of the preceding paragraphs 1-88 are realleged and incorporated herein by reference.

90.     Upon information and belief, Synthon Pharmaceuticals Inc. currently infringes and has infringed one or more claims of the '775 patent under at least sections (a)-(c) and/or (g) of 35 U.S.C. § 271 by the manufacture, marketing, sale, offer to sell and/or importation of the Synthon Glatiramer Acetate Product.

91.     Upon information and belief, Synthon B.V. currently infringes and has infringed one or more claims of the '775 patent under at least sections (a)-(c) and/or (g) of 35 U.S.C. § 271 by the manufacture, marketing, sale, offer to sell and/or importation of the Synthon Glatiramer Acetate Product.

92.     Upon information and belief, Synthon s.r.o. currently infringes and has infringed one or more claims of the '775 patent under at least sections (a)-(c) and/or (g) of 35 U.S.C. § 271 by the manufacture, marketing, sale, offer to sell and/or importation of the Synthon Glatiramer Acetate Product.

93.     Upon information and belief, Pfizer, Inc. currently infringes and has infringed one or more claims of the '775 patent under at least sections (a)-(c) and/or (g) of 35 U.S.C. § 271 by the manufacture, marketing, sale, offer to sell and/or importation of the Synthon Glatiramer Acetate Product.

94.     Upon information and belief, Defendants have acted in concert by assisting with, participating in, encouraging, contributing, aiding and abetting and/or directing the manufacture, marketing, sale, offer to sell and/or importation of the Synthon Glatiramer Acetate Product.

95.     Upon information and belief, Defendants' infringement is willful and continues despite knowledge of the '775 patent.  Upon information and belief, Defendants acted without a reasonable basis for believing that they would  not be liable for infringing the '775 patent.

96.     Teva will be substantially and irreparably harmed by Defendants' infringing activities unless the Court enjoins those activities.  Teva will have no adequate remedy at law if Defendants are not enjoined from the commercial manufacture, use, offer to sell, sale in and importation into the United States of the Synthon Glatiramer Acetate Product.  Defendants' activities render this case an exceptional one, and Teva is entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT II FOR DECLARATORY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 9,155,775 BY DEFENDANTS

97.     The allegations of the preceding paragraphs 1-96 are realleged and incorporated herein by reference.

98.    Upon information and belief, Defendants intend to manufacture, market, sell, offer to sell and/or import Defendants' Glatiramer Acetate product upon receiving FDA approval, as early as the first quarter of 2017.

99.    Such conduct will constitute direct infringement of the '775 patent under 35 U.S.C. § 271(a), inducement of infringement of the '775 patent under 35 U.S.C. § 271(b), contributory infringement under 35 U.S.C. § 271(c), and/or infringement of the '775 patent under 35 U.S.C. § 271(g).

100.    As a result of the foregoing facts, there is an imminent, real, substantial, and continuing justiciable controversy between Teva and Defendants as to liability for the infringement of the '775 patent.  Defendants' actions have created in Teva a reasonable apprehension of irreparable harm and loss resulting from Defendants' threatened imminent actions.

101.    Upon information and belief, Defendants will knowingly and willfully infringe the '775 patent.

102.    Teva will be substantially and irreparably harmed by Defendants' infringing activities unless the Court enjoins those activities.  Teva will have no adequate remedy at law if Defendants are not enjoined from the commercial manufacture, use, offer to sell, sale in and importation into the United States of the Synthon Glatiramer Acetate Product.  Defendants' activities render this case an exceptional one, and Teva is entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, Teva respectfully requests the following relief:

(a)    a judgment that the '775 patent is infringed, not invalid, and enforceable;

17

(b)      a judgment that the making, using, offering to sell, selling, marketing, distributing, or importing of Defendants' Glatiramer Acetate Product prior to the expiration of the '775 patent will infringe, actively induce infringement, and/or contribute to the infringement of one or more claims of the '775 patent;

(c)      an Order pursuant to 35 U.S.C. § 283 preliminarily and permanently enjoining Defendants and all persons acting in concert with Defendants from commercially manufacturing, using, offering for sale, selling, marketing, distributing, or importing Defendants' Glatiramer Acetate Product, or any product or compound the use or manufacture of which infringes the '775 patent, or inducing or contributing to the infringement of the '775 patent until after the expiration of the '775 patent;

(d)      an award of Teva's damages or other monetary relief to compensate Teva if Defendants engage in the commercial manufacture, use, offer to sell, sale, or marketing or distribution in, or importation into the United States of Defendants' Glatiramer Acetate Product, or any product or compound the use or manufacture of which infringes the '775 patent, or the inducement or contribution of the foregoing, prior to the expiration of the '775 patent in accordance with 35 U.S.C. § 284;

(e)      a judgment that this is an exceptional case and an award to Teva of its attorneys' fees under 35 U.S.C. § 285;

(f)      a judgment that Defendants' infringement of the '775 patent is willful;

(g)      an award of Teva's reasonable costs and expenses in this action; and

(h)      an award of any further and additional relief to Teva as this Court deems just and proper.

Dated:  January 17, 2017

Respectfully submitted,

OF COUNSEL:

Daryl L. Wiesen
John T. Bennett
Nicholas K. Mitrokostas
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000
dwiesen@goodwinlaw.com
jbennett@goodwinlaw.com
nmitrokostas@goodwinlaw.com

William G. James
GOODWIN PROCTER LLP
901 New York Ave. NW
Washington, DC 20001
(202) 346-4000
wjames@goodwinlaw.com

 /s/ Elizabeth J. Holland
David M. Hashmall
Elizabeth J. Holland
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
(212) 813-8800
dhashmall@goodwinlaw.com
eholland@goodwinlaw.com

*Attorneys for Plaintiffs Teva
Pharmaceuticals USA, Inc., Teva
Pharmaceutical Industries Ltd., and Teva
Neuroscience, Inc.*